**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

Jose David Murillo Vargas
**Plaintiff**

Blanca Elena Avila
**Plaintiff**

v.

MARKWAYNE MULLIN,
Secretary of the Department of Homeland Security

JOSEPH B. EDLOW,
Director of U.S. Citizenship and Immigration Services

CARRIE M. SELBY,
Associate Director, Service Center Operations Directorate

**Defendants**.

C.A. No. 6:26-cv-01276

**COMPLAINT FOR DECLARATORY RELIEF AND WRIT OF MANDAMUS**

Plaintiffs, Ms. Blanca Elena Avila ("Ms. Avila") and Mr. Jose David Murillo Vargas ("Mr. Murillo Vargas"), bring this action against Defendants to compel action on a pending Petition for Alien Relative which was properly filed by the Plaintiffs on December 6, 2024. The Petition remains within the Defendants' jurisdiction. Defendants have improperly withheld action on the Petition to the Plaintiffs' detriment.

**PARTIES**

1. Plaintiff Mr. Murillo Vargas is a native of Costa Rica and is the spouse of Ms. Avila. Mr. Murillo Vargas is the beneficiary of the Petition for Alien Relative filed on behalf of his wife. He currently resides with his wife in Wichita, Kansas. The Petition for Alien Relative

is currently pending with the Potomac Service Center of U.S. Citizenship and Immigration Services (USCIS).

2. Plaintiff Ms. Avila is a United States citizen and the petitioning spouse of Mr. Murillo Vargas.

3. Defendant Markwayne Mullin is the Secretary of the Department of Homeland Security (DHS). Secretary Mullin is sued in his official capacity. In this capacity, he is responsible for the administration and enforcement of the laws relating to the immigration and naturalization of aliens, and for the control, direction, and supervision of all employees of DHS.

4. Defendant Joseph B. Edlow is the Director of USCIS, which is a component agency within DHS. Director Edlow is sued in his official capacity. In this capacity, he is responsible for the adjudication of immigration-related benefit applications, including petitions for alien relatives.

5. Defendant Carrie M. Selby is the Associate Director of the Service Center Operations of USCIS. She is responsible for all aspects of the operation of that office, including ensuring that petitions for alien relatives are adjudicated within a reasonable time, and is sued in her official capacity.

## **JURISDICTION**

6. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361. Relief is also requested pursuant to 5 U.S.C. § 701 et seq., and 28 U.S.C. § 2201 et seq. This action is not barred by the Real ID Act, P.L. 109-13, 119 Stat. 231 (May 11, 2005). The Plaintiffs file this case merely to compel action on a long-delayed Petition for Alien Relative. The Plaintiffs do not seek review of a discretionary decision of the Defendants.

## VENUE

7. Venue in this case is proper pursuant to 28 U.S.C. §1391(e). Plaintiffs reside in this District, and no real property is involved in this action.

## Petition for Alien Relative Process

8. A spouse of a United States citizen is an immediate relative. 8 U.S.C. § 1151(b)(2)(A)(i). A citizen of the United States must file a Form I-130, Petition for Alien Relative, to establish an alien's classification as an immediate relative. 8 U.S.C. § 1154. These petitions are filed with USCIS. 8 C.F.R. § 103.2(a). The Petition for Alien Relative must be filed with documentary evidence to establish the United States citizenship of the petitioner and the claimed relationship of the petitioner to the beneficiary. 8 C.F.R. § 204.1(f)(1).

9. Marriages that were entered into while the alien was in removal proceedings are prohibited from being approved, unless an exception is granted for a bona fide marriage. 8 C.F.R. § 204.2(a)(1)(iii)(A). To establish a bona fide marriage, the petitioner should submit documentation that proves the marriage was entered into in good faith and not entered into for the purpose of procuring the alien's immigration status. *Id*. at (B).

10. If the petition is approved, then the alien is an immediate relative. An immediate relative is not subject to the immigration limits imposed in 8 U.S.C. § 1151(a), *see* 8 U.S.C. § 1151(b)(2)(A)(i), and may apply to adjust his status to "an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a)[1].

---

[1] An alien who is in removal proceedings is still eligible to apply for adjustment of status. 8 C.F.R. § 1245.2(A)(1)(i). The immigration judge has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file. *Id*.

## FACTUAL ALLEGATIONS

11. The Plaintiff Mr. Murillo Vargas is a native and citizen of Costa Rica. The Plaintiff entered the United States with a B-2 visa on August 8, 2016. He was charged with remaining in the United States for a time longer than permitted, in violation of 8 U.S.C. §1227(a)(1)(B), on September 7, 2023. Exhibit A. On September 13, 2024, Mr. Murillo Vargas married Ms. Avila, a U.S. citizen. Exhibit B. Ms. Avila filed an I-130 Petition for Alien Relative to establish her bona fide marriage with USCIS on December 6, 2024. Exhibit C. The petition was assigned USCIS receipt number IOE0928982805. *Id.* When the I-130 Petition is approved, Mr. Murillo Vargas will be eligible to adjust his status to a permanent resident pursuant to 8 U.S.C. § 1255(a). In anticipation of his eligibility, Mr. Murillo Vargas filed form I-485 Application for Adjustment of Status with the Kansas City Immigration Court on January 8, 2025. Exhibit D. However, Immigration Judge (IJ) Jayme Salinardi refused to schedule Mr. Murillo Vargas for an Individual Hearing until the I-130 Petition for Alien Relative was approved. Exhibit E, pg. 3. Mr. Murillo Vargas' attorney requested that his removal proceeding be continued to allow USCIS to adjudicate the I-130 Petition. *Id*. IJ Salinardi granted these continuances until March 24, 2026, when he determined that he would no longer continue the proceedings after July 30, 2026. *Id*. at 9. On July 30, 2026, because the I-130 Petition had not yet been adjudicated, IJ Salinardi ordered that Mr. Murillo Vargas must voluntarily depart the United States by November 27, 2026. Exhibit F.

12. Over the past 21 months the Plaintiff, Ms. Avila, through her attorney, attempted to expedite the processing of the I-130. Ms. Avila contacted her Congressional Representative

Ron Estes on March 2, 2026 and again on March 31, 2026 to request that he contact USCIS on her behalf to request expedited processing of the I-130 because of the deadline imposed by IJ Salinardi. Exhibit G. These requests remain pending a decision from USCIS. *Id.* Despite the requests, the USCIS has failed and/or refused to adjudicate the Plaintiff's application.

13. As of this date the USCIS has failed to adjudicate the Plaintiffs' Petition for Alien Relative. The Plaintiffs have provided all documentation necessary for the USCIS to adjudicate their application to establish that they are in a bona fide relationship. The Plaintiff has paid all required fees for his petition and has complied in all respects with the law regarding his petition.

14. Despite all their efforts, the USCIS has failed and/or refused to adjudicate the Plaintiff's Petition for Alien Relative. The petition has now been pending with the Defendant, USCIS, for 21 months. The Defendants' failure and/or refusal to adjudicate the Plaintiff's Petition for Alien Relative has caused the Plaintiffs extreme distress. Mr. Murillo Vargas was held to a deadline in the Immigration Court for the I-130 adjudication that was completely outside of his control. His request for expedited processing of his I-130 Petition remains unanswered by the Defendants. The Plaintiff is statutorily eligible to adjust his status once the Petition for Alien Relative is approved, and he has shown his *prima facie* eligibility by filing the I-485 Application for Adjustment of Status with the Immigration Court. If the I-130 Petition is not approved by November 27, 2026, Mr. Murillo Vargas will lose his right to adjust status in the United States. He will be forced to depart the United States, and since he has been physically present in the United States for more than one year without a valid immigration status, he will incur a ten-year bar to reentering the United States. *See* 8 U.S.C.

§ 1182(a)(9)(B)(i)(II). The Plaintiffs would incur thousands of dollars of additional expenses to apply for an immigrant visa, a waiver for the ten-year bar, and maintain two residences. A physical separation that could last years would have an immediate and devastating impact on the Plaintiff's emotional well-being. USCIS' failure to adjudicate the Plaintiff's application has had a profound impact on the Plaintiffs and they are entitled to a decision on their application.

## CLAIMS FOR RELIEF

### COUNT ONE
### (Violation of the Administrative Procedure Act (APA) , 5 U.S.C. §706(1))

15. Mr. Murillo Vargas and Ms. Avila re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

16. Under the APA, federal agencies, including Defendant USCIS, are required to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b). The APA further provides that federal courts "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

17. Defendants have a nondiscretionary duty to adjudicate Ms. Avila's Petition for Alien Relative within a reasonable time. *See* 8 U.S.C. § 1154(b).

18. Defendants have failed to comply with this obligation and continue to fail by failing to schedule an interview for Ms. Avila and Mr. Murillo Vargas or adjudicate their Petition for Alien Relative for over twenty-one months.

19. Considering relevant factors, such as the scope and extent of the interests harmed by Defendants' delay, including the health and welfare of Mr. Murillo Vargas and Ms. Avila, and the lack of evidence that expediting the agency's action would harm competing priorities, Defendants' delay is unreasonable in this case. *See Qwest Commc'ns Int'l, Inc. v. FCC*, 398 F.3d 1222, 1239 (10th Cir. 2005); *see also, e.g.*, *Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021) (citing *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984)). Defendants' failure to adjudicate Mr. Murillo Vargas and Ms. Avila's Petition for Alien Relative for more than twenty-one months constitutes an agency action unlawfully withheld or unreasonably delayed in violation of 5 U.S.C. § 706(1).

20. Mr. Murillo Vargas and Ms. Avila are entitled to relief under the APA in the nature of an order compelling Defendants to adjudicate their Petition for Alien Relative.

**COUNT TWO**
**(Violation of the Mandamus Act, 28 U.S.C. § 1361)**

21. Mr. Murillo Vargas and Ms. Avila re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

22. Mandamus is available to compel a federal official or agency to perform a duty if: (1) there is a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *See* 28 U.S.C. § 1361.

23. Mr. Murillo Vargas and Ms. Avila fall within the zone of interests protected by the immediate-relative petition provisions of the Immigration and Nationality Act. Defendants have a nondiscretionary duty to adjudicate Ms. Avila's Petition for Alien Relative. *See* 8 U.S.C. § 1154(b); *id.* § 1151(b)(2)(A)(i). Federal agencies, including Defendants, are required to conclude matters presented to them within a "reasonable time." 5 U.S.C. § 555(b).

24. Considering relevant factors, such as the scope and extent of the interests harmed by Defendants' delay, including the health and welfare of Mr. Murillo Vargas and the lack of evidence that expediting the agency's action would harm competing priorities, Defendants' delay is unreasonable in this case. *See Qwest*, 398 F.3d at 1239; *Gonzalez*, 985 F.3d at 375.

25. There are no other adequate remedies available to Mr. Murillo Vargas and Ms. Avila to obtain an adjudication of the Petition for Alien Relative.

26. Mr. Murillo Vargas and Ms. Avila are entitled to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to timely adjudicate their Petition for Alien Relative.

## **PRAYERS FOR RELIEF**

WHEREFORE the Plaintiffs respectfully pray that this Honorable Court enter an order:

(a) accepting jurisdiction over the subject matter of this case;

(b) requiring Defendants to adjudicate the Plaintiff's Petition for Alien Relative prior to November 27, 2026, when Mr. Murillo Vargas's voluntary departure order takes effect;

(c) awarding the Plaintiff all costs and reasonable attorney's fees associated with this matter pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

(d) granting such other relief at law and in equity as justice may require.

Respectfully submitted this 12th day of September, 2026.

By their attorney

/s/ Valerie Kathleen Sprout
Valerie Kathleen Sprout
Bar Number 29920
Attorney for Plaintiffs
The Law Office of Valerie K. Sprout, LLC
8101 College Blvd. Ste. 100
Overland Park, KS 66210
Telephone: (816) 226-4114
Email: valerie@sprout-immigration.com

## TABLE OF EXHIBITS

**Exhibit A:** Form I-862, Notice to Appear

**Exhibit B:** Marriage Certificate of Blanca Elena Avila and Jose David Murillo Vargas

**Exhibit C:** Receipt Notice, Form I-130, Petition for Alien Relative

**Exhibit D:** Form I-485, Application to Register Permanent Residence or Adjust Status

**Exhibit E:** Immigration Court Order and Record of Continuances (IJ Salinardi)

**Exhibit F:** Immigration Court Order Granting Voluntary Departure, July 30, 2026

**Exhibit G:** Correspondence with Congressman Ron Estes Requesting Expedited Processing, March 2, 2026 and March 31, 2026

I hereby certify that on this date, I electronically filed this Complaint and the documents identified above with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record, and that for any non-parties, I will serve copies of this Complaint and the documents identified above in accordance with Fed. R. Civ. P. 5 and applicable Local Rules.

_09/12/2026_
*Date Signature*

*/s/ Valerie Kathleen Sprout*

Valerie Kathleen Sprout
Bar Number 29920
Attorney for Plaintiffs
The Law Office of Valerie K. Sprout, LLC
8101 College Blvd. Ste. 100
Overland Park, KS 66210
Telephone: (816) 226-4114
Email: valerie@sprout-immigration.com